## 1510

DEPARTMENT OF SOCIAL SERVICES, Respondent
v. Sharon JOHNSON, Appellant.

(394 S.E. (2d) 721)

Court of Appeals

*David W. Betts*, Chapin, *for appellant.*

*W. Glenn Rogers, Jr.*, Columbia, *for respondent.*

*Francenia B. Heizer*, Columbia, *for GAL.*

Heard April 10, 1990.

Decided June 18, 1990.

SHAW, Justice:

Appellant Sharon Johnson appeals a family court order which requires her to successfully complete a substance abuse treatment and parenting skills program following the removal of her child from the home by the Department of Social Services. We affirm.

On October 8, 1988 the Columbia Police Department responded to a call and removed Ms. Johnson's son from the home after determining the child had been abused. The child

was placed in protective custody.

A hearing was conducted on November 14, 1988. Evidence revealed Ms. Johnson physically abused the child by striking him in the eye with her fist and striking him on his back with a broom handle. Evidence revealed that Ms. Johnson has a history of alcohol related problems and allows people to drink alcohol for long periods of time in her home in the presence of the child.

Following the hearing, the judge ordered DSS to retain custody of the child and granted supervised visitation to Ms. Johnson. Also, he ordered Ms. Johnson to participate in and successfully complete substance abuse counseling and parenting skills classes "as shall be directed by DSS."

Ms. Johnson objects and claims the court has no jurisdiction to order counseling after the child has been taken from her. We disagree.

The question thus becomes whether the family court judge exceeded his authority or misconstrued statutes.[1]

Section 20-7-764, S.C. Code Ann. provides in pertinent part:

> The agency shall provide the court with a specific plan as to where the child will be placed, what steps will be taken to return the child home, and what action the agency will take to maintain ties between the parent and child. Whenever possible, the plan must be prepared with the participation of the parents, the child, and any other agency or individual that will be required to provide services.

A DSS caseworker testified she sought Ms. Johnson's cooperation in the placement plan of alcohol and drug abuse counseling and also asked the court for a homestudy, all of which was aimed at returning the child to the home. Ms. Johnson's attorney stated she wants to regain custody.

In the interpretation of statutes, the court's sole function is to determine and, within constitutional limits, give effect to

---

[1] Section 20-7-736(A): The family court shall have exclusive jurisdiction over all proceedings held pursuant to Article 9 (abused, neglected and delinquent children). Section 20-7-20(D): It is the policy of this state to reunite the child with his family in a timely manner, whether or not the child has been placed in the care of the State voluntarily.

the intention of the legislature, with reference to the meaning of the language used and the subject matter and purposes of the statute. *State v. Carrigan*, 284 S.C. 610, 328 S.E. (2d) 119 (Ct. App. 1985).

We, therefore, hold that a reasonable interpretation of the various sections of the Family Court Act provides for a family court judge to order participation by an estranged parent in a plan aimed at reuniting the child with the parent. Here, the parent and the child are under the jurisdiction of the family court and are subject to its orders.

Affirmed.

BELL and GOOLSBY, JJ., concur.